**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ASIA STEELE**,<br>*on behalf of herself and all others similarly situated*,<br><br>Named Plaintiff,<br><br>v.<br><br>**V.P.A., P.C.**, d/b/a HARMONYCARES MEDICAL GROUP,<br><br>Defendant. | ) | Case No.<br><br>Judge<br><br>**JURY DEMAND ENDORSED HEREON** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Now comes Named Plaintiff Asia Steele ("Named Plaintiff"), *individually and on behalf of all others similarly situated*, by and through undersigned counsel, for her Collective and Class Action Complaint against Defendant V.P.A., P.C., d/b/a HarmonyCares Medical Group ("Defendant") for Defendant's willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as failure to comply with all other requirements of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and states and alleges as follows:

## INTRODUCTION

1. The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA and OMFWSA required Defendant to pay all non-exempt employees at least one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. The OPPA further required Defendant to pay all wages to its hourly, non-exempt employees in a timely manner. *See* O.R.C. § 4113.15(A)-(B).

2. Named Plaintiff brings this Collective and Class Action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, the OMFWSA, and the OPPA, in order to recover unpaid wages and other damages from Defendant.

3. As to Count I, Named Plaintiff seeks to prosecute FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of herself or themselves and other employees similarly situated" (the "FLSA Collective," as defined below).

4. As to Counts II and III, Named Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the OMFWSA and OPPA (the "State Law Class," as is more fully defined herein).[1]

5. Named Plaintiff, the FLSA Collective, and State Law Class now seek to exercise their rights to unpaid overtime wages and additional statutory liquidated damages in this matter, as applicable, other penalties, in addition to prejudgment and post-judgment interest, as applicable, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendant's companywide unlawful pay policies/practices as more fully described below.

## I. <u>JURISDICTION AND VENUE</u>

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

7. This Court also has supplemental jurisdiction over the OMFWSA and OPPA claims because these claims arise from a common nucleus of operative facts. *See* 28 U.S.C. § 1367.

[1] Some members of the FLSA Collective are also members of the State Law Class, as defined hereinafter, as is Named Plaintiff.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Named Plaintiff's claims arose in this judicial district and division.

9. In addition, this Court has general jurisdiction over Defendant since its headquarters is located in this judicial district.

## II. THE PARTIES

### A. Named Plaintiff Asia Steele

10. Named Plaintiff is an individual, a citizen of the United States, and a resident of the State of Ohio.

11. During the three years preceding the filing of this Complaint, Named Plaintiff worked as an hourly, non-exempt employee for Defendant.

12. Named Plaintiff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. §216(b), and attached as **Exhibit A**, and is fully incorporated by reference herein.

### B. Defendant's Business, Defendant's Status as an Employer, and Defendant's Status as an Enterprise

13. Defendant is a domestic corporation formed under the laws of the State of Michigan.

14. Defendant offers comprehensive, home-based healthcare services and is one of the nation's largest house call practices.[2] In furtherance of its business, it operates in at least twelve (12) states throughout the continental United States.

15. At all times relevant, Defendant was an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is/was an employer of Named Plaintiff and the State Law Class within the meaning of the OMFWSA and OPPA.

16. Upon information and belief, Defendant employs over a thousand similarly situated hourly, non-exempt employees, including Named Plaintiff, the FLSA Collective, and State Law Class, in further of its business purposes.

17. The hourly, non-exempt employees are all subject to the same or similar policies pertaining to computing hours worked and compensation.

18. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendant performs related activities through unified operations and common control for a common business purpose at facilities throughout the continental United States.

19. At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and State Law Class's

---

[2] *See* https://harmonycares.com/ (last visited Apr. 1, 2026).

working conditions, including matters governing the essential terms and conditions of their employments.

20. At all times relevant, Defendant exercised authority and control over Named Plaintiff, the FLSA Collective, and State Law Class.

21. At all times relevant, Defendant had the authority to (and currently does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain or is required to maintain employee records of Named Plaintiff, the FLSA Collective, and State Law Class.

22. At all times relevant, Defendant is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), and its employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

23. During the preceding three (3) years, Defendant has had annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

24. As alleged herein, Defendant applied policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees.

25. Each facility is engaged in related activities, including all activities which are necessary to the operation and maintenance of Defendant's facilities.

26. Each facility has common management, ownership, and related interests.

27. Defendant retains ultimate authority and operational control over significant aspects of the day-to-day functions of Defendant's facilities, including supervising and controlling work schedules and conditions of employment of Named Plaintiff, the FLSA Collective, and the State Law Class.

28. Each facility provides the same or similar array of products and services to customers at its facilities.

29. At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and the State Law Class's working conditions, including matters governing the essential terms and conditions of their employments.

## III. <u>FACTS</u>

30. Named Plaintiff was employed by Defendant as an hourly, non-exempt employee of Defendant from April, 2025 until the end of March 2026. During her employment, she primarily worked as a "Clinical Partner" and was responsible for assisting medical providers during home-based clinical healthcare appointments throughout central Ohio.

31. At all times relevant, Named Plaintiff has been an hourly, non-exempt employee.

32. At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were also hourly, non-exempt employees entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

33. At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were non-exempt employees within the meaning of 29 U.S.C. § 203(e), and the OMFWSA and OPPA.

34. At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

35. At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class are entitled to timely paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay for the hours they worked in excess of forty (40) each workweek, 29 U.S.C. § 207.

36. Named Plaintiff, the FLSA Collective, and State Law Class worked overtime hours during one or more workweeks during their employment with Defendant.

37. Like the other members of the FLSA Collective and State Law Class, Named Plaintiff worked more than forty (40) hours in one or more workweeks. Defendant was aware that Named Plaintiff, the FLSA Collective, and State Law Class worked overtime hours, but Defendant did not fully and properly pay them in accordance with the minimum requirements of the FLSA and state law for all of their compensable overtime hours worked due at the correct overtime rates as a result of the companywide policies/practices described below.

38. Defendant consistently, willfully, and intentionally failed to pay Named Plaintiff, the FLSA Collective, and State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207.

**(Defendant's Failure to Pay Overtime Compensation at the Correct Regular Rate of Pay)**

39. Defendant paid Named Plaintiff, the FLSA Collective, and State Law Class an hourly wage for hours worked (hereinafter "Base Hourly Wage").

40. In addition to the Base Hourly Wage, Defendant pays its hourly non-exempt employees one or more additional forms of nondiscretionary remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation calculation purposes.

41. Examples of additional forms of nondiscretionary remuneration include, but are not limited to, performance bonuses and other forms of compensation which were based on objective, predetermined, and measurable

criteria, payments that induced workers to work more efficiently or productively or at undesirable hours, incentivized or encouraged Named Plaintiff and similarly situated workers to work more steadily, rapidly and/or efficiently, and/or incentivized or encouraged its workers to remain with the company given its importance to the overall operation of Defendant's business (all types of nondiscretionary remuneration hereinafter "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c). *See also* U.S. Department of Labor Fact Sheet # 56C: Bonuses under the Fair Labor Standards Act (FLSA).[3]

42. The Additional Remuneration, which do not qualify for exclusion, must be totaled in with other earnings to determine the regular rate on which overtime pay must be based. *See* 29 C.F.R. § 778.200.

43. Defendant informed, announced, and/or promised to Named Plaintiff, the FLSA Collective, and the State Law Class the additional non-discretionary Additional Remuneration, upon hiring or otherwise during their employment. Named Plaintiff, the FLSA Collective, and the State Law Class expected to receive one or more forms of Additional Remuneration and did in fact receive one or more forms of Additional Remuneration.

[3] https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (last accessed April 1, 2026).

44. During the last three years preceding the filing of this Complaint, Named Plaintiff, the FLSA Collective, and the State Law Class received or earned their Base Hourly Wage in addition to the Additional Remuneration as described above in one or more workweeks when they worked more than forty (40) hours in a single workweek.

45. However, Defendant failed to fully include one or more forms of Additional Remuneration in calculating Named Plaintiff's, the FLSA Collective's, and the State Law Class's regular rates of pay for overtime purposes during workweeks when they worked overtime in one or more workweeks.

46. By way of one non-exhaustive example, during the pay period of November 3, 2025 through November 16, 2025, Named Plaintiff was paid a Base Hourly Wage of $21 per hour for 40.00 regular hours of work for which she was paid a total of $1,573.32 in gross regular wages. During one of the workweeks within the same pay period, she worked at least 1.22 overtime hours for which she was paid $31.50 per hour. She was paid a total of $38.43 in overtime premium.

47. In addition to her Base Hourly Wage during the same workweek, she was paid "Fieldopsbon" bonus in the amount of $1,250.

48. After dividing her overtime rate of $31.5 by 1.5, it yields a base hourly wage of $21 per hour. In other words, Defendant failed to include the non-discretionary "Fieldopsbon" bonus into her regular rate of pay for purpose of

calculating his overtime premium. Had Defendant included the "Fieldopsbon" bonus into her regular rate of pay, her overtime rate would have been higher than $31.50 per hour. However, Defendant failed to include this non-discretionary premium when calculating Named Plaintiff's regular rate of pay, resulting in unpaid overtime compensation.

49. As a result of Defendant's companywide policy or practice of failing to include Additional Remuneration in the regular rate of pay for purposes of calculating overtime compensation, Named Plaintiff, the FLSA Collective, and State Law Class were not fully and properly paid for all of their compensable overtime hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA and Ohio law, which resulted in unpaid overtime wages.

50. Defendant's failure to compensate Named Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employee's properly calculated "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and Ohio law, which requires the timely payment of all wages, including overtime wages, earned and owed.

51. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and resulted in the unlawful

deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff, the FLSA Collective, and State Law Class.

**(The Willfulness of Defendant's Violations)**

52. In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known, as a large and sophisticated employer, that its workers, including Named Plaintiff, the FLSA Collective, and State Law Class, were entitled to overtime compensation under federal and state law.

53. By denying Named Plaintiff, the FLSA Collective, and State Law Class overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and state law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

54. Additionally, the FLSA and state law, including Ohio law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

55. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. §516.2.

56. Defendant kept some records or otherwise had the ability to accurately track accurate overtime earned and owed through Defendant's hardware, software, and/or systems, by Named Plaintiff, the FLSA Collective, and State Law Class.

57. However, because of Defendant's policy of not including Additional Remuneration in the regular rate of pay for purposes of calculating overtime compensation when calculating employees' regular rate of pay for overtime purposes, Defendant failed to accurately track, keep, or transmit applicable records as required by law.

58. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly calculated regular rates of pay. Defendant's failure to properly calculate regular rates of pay had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff, the FLSA Collective, and State Law Class.

59. Defendant willfully and intentionally did not correctly pay all hours worked at the appropriate rate in violation of the FLSA and state recordkeeping requirements.

60. Under these circumstances, Defendant's violations of the FLSA were willful, within the meaning of the FLSA, inasmuch as Defendant had actual notice of the requirements of the FLSA.

61. Named Plaintiff and the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation pursuant to 29 U.S.C. § 260.

62. Named Plaintiff and the State Law Class are also therefore entitled to unpaid wages under OMFWSA and liquidated damages under the OPPA.

## IV. COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A. FLSA Collective Action for Unpaid Overtime Wages

63. Named Plaintiff brings Count I of this action on behalf of herself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

64. The "FLSA Collective" to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff herself is a member, is composed of and defined as follows:

> All current and former hourly employees of Defendant in the United States during the period of three years preceding the commencement of this action to the present whose payroll records reflect that they (a) worked over forty (40) hours during one or more workweeks; and (b) received one or more forms of Additional Remuneration ("FLSA Collective"). [4]

65. Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations, as to the collective group of employees identified above, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation at the correct regular rate of pay, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

66. Named Plaintiff and the members of the FLSA Collective, having willfully been not paid at least the federal overtime wage for the overtime hours they

[4] Named Plaintiff reserves the right to amend and refine the definition of to whom she seeks to have provided with Court-authorized notice based upon further investigation and discovery.

worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

67. Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

68. Named Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Named Plaintiff and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

69. Throughout his employment with Defendant, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant that led to less overtime wages paid than overtime hours worked that the members of the FLSA Collective were subjected to.

70. Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

71. This action is brought pursuant to 29 U.S.C. § 216(b) of the FLSA and seeks unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former non-exempt employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

72. Issuing notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

73. Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

74. Court-supervised notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to

the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of statutory overtime wages.

75. Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

76. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

77. The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately several hundred or more persons.

### B. Federal Rule of Civil Procedure 23 Class Action for Unpaid Wages

78. Named Plaintiff brings Counts II and III under Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the State Law Class, defined as:

> All current and former hourly employees of Defendant in Ohio during the period of two years preceding the commencement of this action to the present whose payroll records reflect that they (a) worked over forty (40) hours during one or more workweeks; and (b) received one or more forms of Additional Remuneration (the "State Law Class").

79. The State Law Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of several hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant maintained, and was required to maintain, pursuant to the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

80. Named Plaintiff is a member of the State Law Class and his claims for unpaid wages are typical of the claims of other members of the State Law Class.

81. Named Plaintiff will fairly and adequately represent the State Law Class and the interests of all members of the State Law Class.

82. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the State Law Class that she has undertaken to represent.

83. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the State Law Class. Named Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

84. Questions of law and fact are common to the State Law Class and predominate over any questions affecting only individual members. The questions of law and fact common to the State Law Class arising from Defendant's conduct include, without limitation:

(a) whether Defendant violated the OMFWSA and OPPA by failing to timely and properly pay the State Law Class Members for all wages, including overtime wages, earned because of the violation(s) described herein;

(b) what amount of unpaid, untimely paid, and/or withheld compensation is due to Named Plaintiff and the State Law Class on account of Defendant's violations of the OPPA;

(c) whether the unpaid, untimely paid, and/or withheld compensation remains unpaid in violation of the OMFWSA and OPPA;

(d) what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the OMFWSA and/or OPPA is due to Named Plaintiff and the State Law Class on the overtime compensation, as applicable, or other entitled compensation which was withheld or not timely paid to them.

85. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that

would establish incompatible standards of conduct for Defendant with respect to the hourly, non-exempt employees comprising of the State Law Class.

86. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the State Law Class, making appropriate relief with respect to Named Plaintiff and the State Law Class each as a whole.

87. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the State Law Class predominate over questions affecting individual members of the State Law Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

88. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and members of the State Law Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Requiring State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification

of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

89. Named Plaintiff and counsel are not aware of any interfering pending litigation on behalf of the State Law Class as defined herein.

## V. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME COMPENSATION)

90. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

91. This claim is brought as a collective action by Named Plaintiff on behalf of herself and other members of the FLSA Collective against Defendant, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

92. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

93. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective.

94. Named Plaintiff and the FLSA Collective were paid as hourly, non-exempt employees.

95. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked in excess of forty (40) hours in one or more workweek(s), but were not fully paid for all overtime compensation as a result of one or more of Defendant's policies and/or practices as alleged above.

96. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their properly calculated regular rates of pay because of Defendant's companywide policies and/or practices described herein.

97. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

98. The exact total amount of overtime compensation that Defendant has failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are believed to be in the possession of Defendant.

99. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime

compensation to Named Plaintiff and the FLSA Collective was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

100. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT II
## (O.R.C. § 4111 – RULE 23 CLASS ACTION FOR OMFWSA VIOLATION)

101. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

102. Named Plaintiff brings this claim for violation of the OMFWSA, individually and on behalf of all members of the State Law Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

103. Named Plaintiff and the State Law Class members were not paid all overtime earned because Defendant failed to include non-discretionary compensation into their regular rates of pay when calculating overtime.

104. At all relevant times, Named Plaintiff and the members of the State Law Class regularly worked forty (40) or more hours per workweek for Defendant.

105. Defendant's practice and policy of failing to include the non-discretionary compensation noted above into Named Plaintiff and the class members' regular rates of pay when calculating overtime resulted in Defendant's failure to pay Named Plaintiff and the members of the State Law Class overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek.

106. Named Plaintiff and the members of the State Law Class were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for all hours worked in excess of forty (40) in a workweek, resulting in overtime violations of Ohio law.

107. Defendant failed to pay Named Plaintiff and the members of the State Law Class the required overtime compensation.

108. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the members of the State Law Class all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

109. Defendant's practice and policy of not paying Named Plaintiff and the members of the State Law Class for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) hours per workweek is a violation of the OMFWSA.

110. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the members of the State Law Class is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

111. As a result of Defendant's violations of the OMFWSA, Named Plaintiff and the members of the State Law Class were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

**COUNT III**
**(O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)**

112. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

113. Named Plaintiff brings this claim on behalf of herself and the State Law Class who were not timely paid lawful wages, including overtime, as a result of Defendant's pay policies and/or practices alleged above in violation of the OPPA.

114. Named Plaintiff and the State Law Class Members have been employed by Defendant.

115. At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and State Law Class Members have been employed by Defendant within the meaning of the OPPA.

116. The OPPA requires Defendant to pay Named Plaintiff and State Law Class Members all wages, including overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

117. As outlined above, Defendant did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Named Plaintiff and the members of the State Law Class on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, *and* did not, on or before the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(B).

118. As a result, there can be no dispute that Named Plaintiff's and State Law Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

119. Defendant's violations of the OPPA, O.R.C. § 4113.15, injured Named Plaintiff and other State Law Class Members in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

120. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the members of the State Law Class all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Named Plaintiff, and the members of the State Law Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant violated Ohio law and regulations that have the force of law.

121. As a result of Defendant's violation of the OPPA, Named Plaintiff and State Law Class Members are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff respectfully prays that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Issue Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the State Law Class and appoint counsel of record as Class Counsel;

F. Find that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA and Ohio law;

G. Enter judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

H. Enter judgment against Defendant for damages for all unpaid compensation owed to Named Plaintiff and the State Law Class during the applicable statutory period and continuing through trial;

I. Enter judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

J. Award to Named Plaintiff, the FLSA Collective, and State Law Class Members unpaid overtime compensation as to be determined at trial together with any liquidated damages allowed by the OPPA as to the State Law Class;

K. Award Named Plaintiff, the FLSA Collective, and State Law Class prejudgment interest, post-judgment interest, and an award of damages

representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

L. Award to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

M. Award to Named Plaintiff, the FLSA Collective, and State Law Class attorneys' fees required for prosecution of this action, expert fees, and reimbursement of all costs and expenses;

N. Grant Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

O. Declare judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

P. Award such other and further relief as this Court may deem equitable, necessary, just, or proper.

Respectfully submitted,

*_/s/ Daniel I. Bryant_*
Daniel I. Bryant (OH No. 0090859)
**BRYANT LEGAL, LLC**
4400 N. High St., Suite 310
Columbus, Ohio 43214
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

Esther E. Bryant (OH No. 0096629)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: ebryant@bryantlegalllc.com

*_/s/ Kevin J. Stoops_*
Kevin J. Stoops (P64371)
Kathryn E. Milz (ARDC 6297213)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
Email: kstoops@sommerspc.com
Email: kmilz@sommerspc.com

*Attorneys for Named Plaintiff and Other Members*
*of the proposed FLSA Collective and proposed Rule 23 Class Counsel*

**JURY DEMAND**

Named Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Kevin J. Stoops*
Kevin J. Stoops (P64371)